IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs March 13, 2018

## STATE OF TENNESSEE v. WALTER ANDREW WARE

Appeal from the Circuit Court for Obion County
No. CC-09-CR-133 Jeff Parham, Judge

_____

No. W2017-01350-CCA-R3-CD

_____

Nearly nine years ago, Defendant, Walter Andrew Ware, committed aggravated child abuse, aggravated child neglect and aggravated child endangerment on his two-month-old infant daughter. He was sentenced to a sixteen year sentence, to be served at 100%. Defendant now appeals from the trial court's denial of his motion to correct an illegal sentence filed pursuant to Tennessee Rule of Criminal Procedure 36.1. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ALAN E. GLENN, JJ., joined.

Jason A. Jackson, Martin, Tennessee, for the appellant, Walter Andrew Ware.

Herbert H. Slatery III, Attorney General and Reporter; Zachary T. Hinkle, Assistant Attorney General; Robert W. Wilson, District Attorney General; and Jim Cannon, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Defendant and a co-defendant were indicted on charges of aggravated child abuse, aggravated child neglect, and aggravated child endangerment for injuries sustained by their infant daughter, including bruises on her arms, torso, back, right thigh, right cheek, right eyelid, and right ear; fractures of her right ninth, tenth, and eleventh ribs, and left seventh, eighth, ninth, and eleventh ribs; two fractured tibias, one each in her lower legs, and a third fracture to her right femur; extensive retinal hemorrhages in both eyes; extensive hemorrhaging on both hemispheres of her brain; and a significant area of a

hematoma in the "falx" area of her brain. *State v. Walter Andrew Ware*, No. W2010-01992-CCA-R3-CD, 2011 WL 4716238, at *1-4 (Tenn. Crim. App. Oct. 7, 2011), *perm. app. denied* (Tenn. Feb. 15, 2012). The co-defendant testified at trial that she pled guilty to child abuse and child neglect and received a two-year sentence on judicial diversion. *Id.* She testified against Defendant at trial. *Id.* Defendant was convicted of all three offenses and the trial court merged the convictions, imposing a sentence of sixteen years as a violent offender. *Id.* On appeal, Defendant claimed that the evidence was insufficient and that the trial court made errors during jury selection. *Id.* This Court affirmed the convictions. *Id.* at *11.

Defendant sought post-conviction relief on the basis of ineffective assistance of counsel. *Walter Ware v. State*, W2013-01079-CCA-R3-PC, 2014 WL 12651024, at *1 (Tenn. Crim. App. Apr. 28, 2014), *perm. app. denied* (Tenn. Sept. 3, 2014). Defendant argued that trial counsel failed to call an expert witness to testify on his behalf and failed to challenge the evidence introduced by the State. The post-conviction court denied relief on the basis that Defendant failed to present the expert's testimony at the post-conviction hearing, and this Court affirmed. *Id.* at *3.

Defendant, still challenging his convictions, filed a motion to correct an illegal sentence on March 27, 2017. In the motion, Defendant argued that his sentence was illegal because it was disparate with his co-defendant's sentence and because the State improperly issued indictments on alternative theories. The trial court held a hearing but ultimately denied the motion, finding that Defendant's sentence was proper. Defendant appeals the denial of the motion.

*Analysis*

On appeal, Defendant's argument at its most basic level is that his sentence is illegal because it is not fair. Specifically, Defendant complains that he was sentenced to sixteen years and his co-defendant, who entered a guilty plea, was placed on judicial diversion for a period of two years. Defendant also argues that it was illegal for the State to "join distinct and separate offences in the same indictment or presentment" and that the charges were duplicitous.

Rule 36.1 permits a defendant to seek correction of an unexpired illegal sentence at any time. *See State v. Brown*, 479 S.W.3d 200, 211 (Tenn. 2015). "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a)(2). Our supreme court interpreted the meaning of "illegal sentence" as defined in Rule 36.1 and concluded that the definition "is coextensive, and not broader than, the definition of the term in the habeas corpus context." *State v. Wooden*, 478 S.W.3d 585, 594–95 (Tenn. 2015). The

court then reviewed the three categories of sentencing errors: clerical errors (those arising from a clerical mistake in the judgment form), appealable errors (those for which the Sentencing Act specifically provides a right of direct appeal), and fatal errors (those so profound as to render a sentence illegal and void). *Id.* Commenting on appealable errors, the court stated that those "generally involve attacks on the correctness of the methodology by which a trial court imposed sentence." *Id.* In contrast, fatal errors include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." *Id.* The court held that only fatal errors render sentences illegal. *Id.* A trial court may summarily dismiss a Rule 36.1 motion if it does not state a colorable claim for relief. Tenn. R. Crim. P. 36.1(b)(2).

Defendant has failed to establish a fatal error that would entitle him to the relief he seeks. Any issue Defendant had with sentencing disparity should have been raised on direct appeal. *See State v. Gosnell*, 62 S.W.3d 740, 750 (Tenn. Crim. App. 2001) (explaining that although "[o]ur sentencing act is designed to eliminate unjustified disparity in sentencing and provide for consistent treatment of defendants," "each defendant must be viewed individually with regard to the enhancing and mitigating factors applicable to that defendant."). In other words, Defendant has presented an appealable error, rather than a fatal error. Additionally, to the extent Defendant is challenging the constitutionality of his conviction or sentence, these issues are not cognizable in a rule 36.1 motion. *See State v. Dusty Ross Binkley*, No. M2014-01173-CCA-R3-CD, 2015 WL 2148950, at *4 (Tenn. Crim. App. May 7, 2015) (explaining that Rule 36.1 does not apply to constitutional challenges). Defendant's remaining complaint, about the manner in which he was indicted and tried on alternate theories, is a challenge to his underlying conviction rather than any illegal sentence he may have received. As such, it is not cognizable in a Rule 36.1 proceeding. *See State v. Jimmy Wayne Wilson*, No. E2013-02354-CCA-R3-CD, 2014 WL 1285622, at *2 (Tenn. Crim. App. Mar. 31, 2014) (noting that Rule 36.1 "does not provide an avenue for seeking reversal of convictions"), *perm. app. denied* (Tenn. Nov. 19, 2014).

Based on the foregoing, we affirm the denial of relief under Rule 36.1.

_____
TIMOTHY L. EASTER, JUDGE